**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| **JENNIFER HUMMEL,** *on behalf of herself and all others similarly situated*, | Case No.: 2:23-cv-10341 |
| Plaintiff, | Judge Paul D. Borman |
| v. | |
| **TEIJIN AUTOMOTIVE TECHNOLOGIES, INC.,** | |
| Defendant. | |

**DEFENDANT'S MOTION TO DISMISS AMENDED CLASS
ACTION COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendant, Teijin Automotive Technologies, Inc. ("Teijin"), through undersigned counsel, respectfully moves this Court pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's Amended Class Action Complaint. The grounds for this Motion are set forth in the attached Brief in Support.[1]

---

[1] Pursuant to L.R. 7.1(a), counsel for Teijin states that they conferred with counsel for Plaintiff, explained the nature and basis of this Motion, and sought but did not obtain Plaintiff's concurrence for the relief sought herein.

Dated: May 22, 2023                     Respectfully submitted,

                                        */s/ Christopher G. Dean*
                                        Christopher G. Dean (Ohio 092883)
                                        **MCDONALD HOPKINS LLC**
                                        600 Superior Avenue, Suite 2100
                                        Cleveland, Ohio 44114
                                        Tel: (216) 348-5400
                                        Email: cdean@mcdonaldhopkins.com

                                        Michael G. Latiff (P51263)
                                        **MCDONALD HOPKINS PLLC**
                                        39533 Woodward Avenue, Suite 318
                                        Bloomfield Hills, Michigan 48304
                                        Tel: (248) 646-5070
                                        Email: mlatiff@mcdonaldhopkins.com

32017358.4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| **JENNIFER HUMMEL,** *on behalf of herself and all others similarly situated*, | Case No.: 2:23-cv-10341 |
| Plaintiff, | |
| v. | Judge Paul D. Borman |
| **TEIJIN AUTOMOTIVE TECHNOLOGIES, INC.,** | |
| Defendant. | |

**BRIEF IN SUPPORT OF DEFENDANT'S**
**MOTION TO DISMISS AMENDED CLASS ACTION**
**COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

## TABLE OF CONTENTS

<u>**Page**</u>

TABLE OF AUTHORITIES ............................................................. iii

STATEMENT OF THE ISSUES PRESENTED ..................................... v

STATEMENT OF MOST APPROPRIATE AUTHORITY ................................. vi

I.     INTRODUCTION ...................................................... 1

II.    STATEMENT OF ALLEGED FACTS ........................................ 2

    A.    The Cyberattack ................................................ 2

    B.    Plaintiff's Alleged Harm ........................................ 3

    C.    Plaintiff's Putative Classes, Causes of Action, and Prayer for Relief ................................................ 4

III.   PLEADING REQUIREMENTS & CHOICE OF LAW ................................. 4

    A.    Pleading Requirements ........................................... 4

    B.    Choice of Law ................................................. 5

IV.   ARGUMENT ............................................................ 6

    A.    Count I for Negligence Fails to Allege the Breach of Any Duty ..........6

    B.    Count II for Breach of Implied Contract Fails to Allege Contract Formation and Damages ................................... 9

        1.    Plaintiff fails to allege the existence of an enforceable contract ................................................ 10

            a.    Failure to allege consideration ....................... 10

            b.    Failure to allege mutual assent ...................... 11

i

2.      Plaintiff fails to allege proximately resulting damages ............13

C.      Count III for Declaratory Judgment Fails Because Declaratory
Judgment Is Not an Independent Cause of Action.............................14

V.      CONCLUSION...............................................................................................15

## TABLE OF AUTHORITIES

<u>Cases</u>                                                                                                                    <u>Page(s)</u>

*AFT Mich. v. State of Mich.*, 866 N.W.2d 782 (Mich. 2015) ...................................10

*Alan Custom Homes, Inc. v. Krol*, 667 N.W.2d 379 (Mich. App. 2003) ..........13, 14

*Anderson v. Kimpton Hotel & Rest. Group, LLC*,
No. 19-cv-01860, 2019 WL 3753308 (N.D. Cal. Aug. 8, 2019)..........................7, 8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................4, 6

*Bank of Am., NA v. First Am. Title Ins.*, 878 N.W.2d 816 (Mich. 2016)...................9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .......................................................5

*Bishop v. Lucent Techs., Inc.*, 520 F.3d 516 (6th Cir. 2008) .....................................5

*Burkhardt v. Bailey*, 680 N.W.2d 453 (Mich. App. 2004) ......................................12

*Davis v. U.S.*, 499 F.3d 590 (6th Cir. 2007) ............................................................14

*Doe v. Univ. of Dayton*, 766 Fed. Appx. 275 (6th Cir. 2019) .................................14

*Emergency Dep't Physicians P.C. v. United Healthcare, Inc.*,
507 F. Supp. 3d 814 (E.D. Mich. 2020)...................................................9, 10, 11, 12

*Erickson v. Goodell Oil Co.*, 180 N.W.2d 798 (Mich. 1970)...................................12

*FXI Inc. v. Adient US LLC*, No. 20-12648, 2021 WL 5110240
(E.D. Mich. Aug. 4, 2021) .......................................................................................13

*Hall v. Gen. Motors Corp.*, 582 N.W.2d 866 (1998).................................................5

*Henry v. Dow Chemical Co.*, 701 N.W.2d 684 (Mich. 2005) ...................................6

*Higgins v. Monroe Evening News*, 272 N.W.2d 537 (Mich. 1978)........................10

*Home Ins. Co. v. Com. Indus. Sec. Servs., Inc.*, 225 N.W.2d 716
(Mich. App. 1974) ................................................................................ 13

*Kingsley Assocs., Inc. v. Moll PlastiCrafters, Inc.*, 65 F.3d 498 (6th Cir. 1995) .... 11

*Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941) ...................................... 5

*Maag v. U.S. Bank, Nat'l Assn.*, No. 21-cv-00031-H-LL, 2021 WL 5605278
(S.D. Cal. Apr. 8, 2021) ...................................................................... 7, 8

*McEwen v. McKinnon*, 11 N.W. 828 (Mich. 1882) ................................................ 13

*Miller-Davis Co. v. Ahrens Const., Inc.*, 848 N.W.2d 95 (Mich. 2014) ................. 13

*Razuki v. Caliber Home Loans, Inc.*, No. 17cv1718-LAB (WVG),
2018 WL 6018361 (S.D. Cal. Nov. 15, 2018) ...................................... 7, 8

*Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667 (1950) ............................... 14

*Specialty Med. Equip., Inc. v. UnitedHealth Grp., Inc.*, No. 22-CV-12396,
2023 WL 143940 (E.D. Mich. Jan. 10, 2023) ........................................ 14

*Springmeyer v. Marriott Int'l, Inc.*, No. 20-cv-867-PWG,
2021 WL 809894 (D. Md. Mar. 3, 2021) .............................................. 7, 8

*Standard Fire Ins. Co. v. Ford Motor Co.*, 723 F.3d 690 (6th Cir. 2013) ............... 5

*Sutherland v. Kennington Truck Serv., Ltd.*, 562 N.W.2d 466 (Mich. 1997) ........... 5

*U.S. ex rel Harper v. Muskingum Watershed Conservancy Dist.*,
842 F.3d 430 (6th Cir. 2016) ................................................................ 4

*Yerkovich v. AAA*, 610 N.W.2d 542 (Mich. 2000) ................................................ 10

## Other Authorities

28 U.S.C. § 2201 .................................................................................... 14

Federal Rule of Civil Procedure 12(b)(6) ................................................. 1

iv

## STATEMENT OF THE ISSUES PRESENTED

**ISSUE 1:**     Whether Plaintiff's claim for negligence should be dismissed for failure to allege the breach of any duty.

Defendant's Answer: YES.

**ISSUE 2:**     Whether Plaintiff's claim for breach of implied contract should be dismissed for failure to allege the consideration and mutual assent elements of contract formation, and also the damages element of the cause of action.

Defendant's Answer: YES.

**ISSUE 3:**     Whether Plaintiff's claim for declaratory judgment should be dismissed because declaratory judgment is not an independent cause of action.

Defendant's Answer: YES.

32017358.4

## STATEMENT OF MOST APPROPRIATE AUTHORITY

**ISSUE 1: Failure to State a Claim for Negligence**

- *Anderson v. Kimpton Hotel & Rest. Group, LLC*, No. 19-cv-01860, 2019 WL 3753308 (N.D. Cal. Aug. 8, 2019)

- *Henry v. Dow Chemical Co.*, 701 N.W.2d 684 (Mich. 2005)

**ISSUE 2: Failure to State a Claim for Breach of Implied Contract**

- *Alan Custom Homes, Inc. v. Krol*, 667 N.W.2d 379 (Mich. App. 2003)

- *Emergency Dep't Physicians P.C. v. United Healthcare, Inc.*, 507 F. Supp. 3d 814 (E.D. Mich. 2020)

- *Home Ins. Co. v. Com. Indus. Sec. Servs., Inc.*, N.W.2d 716 (Mich. App. 1974)

- *McEwen v. McKinnon*, 11 N.W. 828 (Mich. 1882)

**ISSUE 3: Failure to State a Claim for Declaratory Judgment**

- *Davis v. U.S.*, 499 F.3d 590 (6th Cir. 2007)

- *Specialty Med. Equip., Inc. v. UnitedHealth Grp., Inc.*, No. 22-CV-12396, 2023 WL 143940 (E.D. Mich. Jan. 10, 2023)

# I.   <u>INTRODUCTION</u>

This case arises out of a cyberattack (the "Cyberattack") against Defendant Teijin Automotive Technologies, Inc. ("Teijin"). Jennifer Hummel ("Plaintiff") is an employee of Teijin who claims that her personally identifiable information ("PII") was compromised as a result of the Cyberattack. She alleges that her compromised PII may have included her name, address, date of birth, Social Security number, health insurance policy information, and possibly her banking information. Through her Amended Class Action Complaint (the "Amended Complaint"), Plaintiff asserts claims against Teijin for negligence, breach of implied contract, and declaratory judgment, and she seeks various forms of damages and equitable relief.

Plaintiff fails to state a claim upon which relief may be granted. As set forth more fully below, Plaintiff's claim for negligence fails because Plaintiff does not allege the breach of any duty; her claim for breach of implied contract fails because she does not allege the exchange of consideration and mutual assent necessary for contract formation, or contract damages proximately resulting from the purported breach; and her claim for declaratory judgment fails because declaratory judgment is a form of relief, not an independent cause of action. Consequently, Plaintiff's claims are fatally flawed, and her Amended Complaint should be dismissed in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).

1

## II.   STATEMENT OF ALLEGED FACTS[2]

### A.   The Cyberattack

Teijin is a manufacturer of engineered products within the automotive, heavy truck, marine, and recreational vehicle industries. (Am. Compl. ¶ 2.) On or about December 1, 2022, Teijin was subject to the Cyberattack in which cyber criminals accessed Teijin's computer systems and held digitally stored information for ransom. (*Id.* ¶¶ 5, 28.) Plaintiff alleges that the PII of both current and former employees, as well as "others," was compromised in the Cyberattack. (*Id.* ¶ 1.) That PII allegedly included the names, addresses, dates of birth, Social Security numbers, health insurance policy information, and in a limited number of cases, banking information of the potentially affected individuals. (*Id.*) Plaintiff received formal notice of the Cyberattack from Teijin on or about December 13, 2022. (*Id.* ¶ 28.)

Plaintiff does not allege how the Cyberattack occurred or identify any specific defect in Teijin's security systems, procedures, or training that may have contributed to it. Instead, she refers to certain security measures that can help reduce the risk of a cyberattack, (*see id.* ¶¶ 50-52), then broadly concludes that the "occurrence of the [Cyberattack] indicates that [Teijin] failed to adequately implement one or more of the [aforementioned] measures to prevent ransomware attacks," (*id.* ¶ 54).

---

[2]     These allegations are taken from the Amended Complaint. Teijin accepts them as true for purposes of this Motion and reserves the right to dispute them later.

**B.     Plaintiff's Alleged Harm**

Plaintiff claims that she now suffers from the following injuries as a result of the Cyberattack:

- Worrying about "when and how her sensitive information may be shared or used to her detriment," (*id.* ¶ 72);

- Spending time dealing with the consequences of the Cyberattack, (*id.* ¶ 75);

- Suffering from "lost time, annoyance, interference, and inconvenience," and "anxiety and increased concerns for the loss of her privacy," (*id.* ¶ 78); and

- Suffering from "imminent and impending injury arising from the substantially increased risk of fraud, identity theft, and misuse" of her PII," (*id.* ¶ 79).

Plaintiff also alleges that after reports surfaced indicating information taken in the Cyberattack had been revealed on the dark web, an unknown and unauthorized individual applied for and obtained a $6,000 loan with FinWise Bank under her name. (*Id.* ¶ 73.) She acknowledges, however, that after investigating the matter, FinWise Bank concluded Plaintiff "was not responsible for the debt." (*Id.* ¶ 74.) Plaintiff claims to have paid "approximately $19.80 in postage necessary to send a police report and other information to FinWise Bank" when reporting the loan as fraudulent. (*Id.* ¶ 73.) Notably, she does not allege that the unauthorized individual who obtained the loan acquired her information as a result of the Cyberattack or any other details in fact linking the loan to the Cyberattack or Teijin.

**C.      Plaintiff's Putative Classes, Causes of Action, and Prayer for Relief**

Plaintiff seeks to represent a class of all individuals whose PII may have been affected in the Cyberattack (the "Nationwide Class"), and a subclass of all individuals who were employed by Teijin on or before December 1, 2022, and whose PII may have been affected in the attack (the "Employee Subclass").

In her Amended Complaint, Plaintiff asserts claims for: (1) negligence, on behalf of herself and the Nationwide Class; (2) breach of implied contract, on behalf of herself and the Employee Subclass; and (3) declaratory judgment, on behalf of herself and the Nationwide Class. Based on those claims, she seeks equitable relief, damages, attorneys' fees, and costs. (*Id.* at Prayer for Relief.)

## III.      PLEADING REQUIREMENTS & CHOICE OF LAW

**A.      Pleading Requirements**

To survive a motion to dismiss, Plaintiff must allege facially plausible *facts* supporting her claims that Teijin is liable to her for the Cyberattack. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is plausible on its face when it pleads enough facts to support a reasonable inference that the defendant is liable for the alleged conduct; however, "courts need not accept conclusory allegations or legal conclusions masquerading as factual allegations." *U.S. ex rel Harper v. Muskingum Watershed Conservancy Dist.*, 842 F.3d 430, 435 (6th Cir. 2016) (internal quotations and citations omitted). Rule 8 does not require "detailed factual allegations," but it

4

demands more than an unadorned accusation of harm. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Importantly, "a complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 520 (6th Cir. 2008).

**B.    Choice of Law**

A federal court sitting in diversity must apply the choice-of-law rules of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Under Michigan's choice-of-law rules concerning tort claims, a presumption exists that Michigan law applies unless there is a "rational reason to displace it." *Standard Fire Ins. Co. v. Ford Motor Co.*, 723 F.3d 690, 693 (6th Cir. 2013) (citing *Sutherland v. Kennington Truck Serv., Ltd.*, 562 N.W.2d 466, 471 (Mich. 1997)).

To determine whether rational reason to displace Michigan law exists, courts apply a two-step analysis: *First*, they determine if any foreign state has an interest in having its law applied. If not, the presumption Michigan law applies cannot be overcome. However, if a foreign state does have an interest in having its law applied, the courts must determine "if Michigan's interests mandate that Michigan law be applied, despite the foreign interests." *Sutherland*, 562 N.W.2d at 471. Under this test, "Michigan courts . . . use another state's law where the other state has a significant interest and Michigan has only a minimal interest in the matter." *Hall v. Gen. Motors Corp.*, 582 N.W.2d 866, 868 (1998).

5

Applying these choice-of-law principles, Michigan law is presumed to apply, and there is no rational reason to displace it. Although Ohio, where Plaintiff resides (Am. Compl. ¶ 17), may have some interest in having its law apply, its interest is not significant enough to overcome the presumption. Teijin's headquarters are in Michigan, (*id.* ¶ 18), and as Plaintiff acknowledges, "a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in [Michigan], including [Teijin] collecting and/or storing the PII of Plaintiff and Class Members," (*id.* ¶ 24). In short, all of the challenged conduct in this case occurred in Michigan, and Ohio's only connection is that Plaintiff happens to live there. Thus, Michigan law applies.

## IV.   ARGUMENT

All of Plaintiff's claims fail as a matter of law. Each is addressed in turn.

## A.   Count I for Negligence Fails to Allege the Breach of Any Duty.

To state a claim for negligence, a plaintiff must plead duty, breach, causation, and damages. *See Henry v. Dow Chem. Co.*, 701 N.W.2d 684, 688 (Mich. 2005). In this case, Plaintiff fails to allege a breach of duty by Teijin.

Federal pleading standards require that a complaint contain sufficient factual matter to state a claim that is plausible on its face and to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct. *Iqbal*, 556 U.S. at 678. Consistent with this standard, in the data-breach context a plaintiff must allege facts – not labels and conclusions – describing the steps that the defendant

could have or should have taken to prevent the incident. For example, in *Anderson v. Kimpton Hotel & Rest. Group, LLC*, the court dismissed claims in a data breach case where the plaintiffs failed to "plead any facts to support [their] conclusory assertions" related to defendant's supposedly inadequate cybersecurity measures. No. 19-cv-01860, 2019 WL 3753308, at *4-9 (N.D. Cal. Aug. 8, 2019).

Indeed, this issue – a plaintiff's failure to plead details of the supposedly deficient security – comes up in a variety of contexts in data-breach cases. *See Springmeyer v. Marriott Int'l, Inc.*, No. 20-cv-867-PWG, 2021 WL 809894, at *3 (D. Md. Mar. 3, 2021) (dismissing claims for lack of standing where plaintiffs did not allege facts about what the defendant did wrong, how its cybersecurity was inadequate, how it failed to detect the attack, or why its breach notifications were untimely and inaccurate); *see also Maag v. U.S. Bank, Nat'l Assn.*, No. 21-cv-00031-H-LL, 2021 WL 5605278, at *2 (S.D. Cal. Apr. 8, 2021) (dismissing statutory claim where plaintiff made "unsupported allegations that his PII was compromised because Defendant did not 'implement and maintain reasonable security procedures and practices,' 'failed to effectively monitor its systems for security vulnerabilities,' and had 'lax security'"); *Razuki v. Caliber Home Loans, Inc.*, No. 17cv1718-LAB (WVG), 2018 WL 6018361, at *1-2 (S.D. Cal. Nov. 15, 2018) (dismissing statutory claim in data-breach case because plaintiff failed to plead "[w]hat facts [led] him to believe [defendant] didn't comply with industry standards"). Such is the case here.

7

Plaintiff contends that Teijin failed to: "implement industry protocols and exercise reasonable care in protecting and safeguarding the PII of Plaintiff and the Nationwide Class," (Am. Compl. ¶ 114); "exercise appropriate clearinghouse practices by failing to remove from the Internet-accessible environment any PII it was no longer required to retain pursuant to regulations," (*id.* ¶ 118); and "adequately and timely disclose to Plaintiff and the Nationwide Class the existence and scope of the Data Breach," (*id.* ¶ 119). But she cites no factual basis for those bare conclusions. For example, she does not identify: any particular industry standard or protocol that Teijin failed to adopt; any PII that Teijin was no longer required to retain[3]; or any legally significant way in which Teijin's notification of the Cyberattack to affected individuals was untimely or inaccurate.

Plaintiff tries to create the illusion of substance in paragraphs 50 through 52, which purport to identify security measures Teijin *could* have taken, but those allegations are merely a list of generic steps that might apply in any situation. Most of the points are general and do not identify any particular failures or faults by Teijin, and none are supported by any factual allegations that Teijin did not, in fact, undertake those practices. (*See id.*) Like the plaintiffs in *Anderson*, *Springmeyer*, *Maag*, and *Razuki*, Plaintiff has not alleged any facts concerning what Teijin could

---

[3]     Nor could Plaintiff credibly allege Teijin was no longer required to retain her PII because she worked for Teijin at the time of the Cyberattack. (Am. Compl. ¶ 71.)

or should have done to better protect her information, how Teijin's security measures were insufficient, or in what way its response to the Cyberattack was untimely.

Plaintiff's threadbare allegations confirm that she is, in actuality, asking the Court to *infer* the breach of a duty from the mere existence of the Cyberattack. Lest there be any doubt about this, she openly admits as much when she alleges: "The occurrence of the [Cyberattack] indicates that [Teijin] failed to adequately implement one or more of the above measures to prevent ransomware attacks." (*Id.* ¶ 54.) The law requires more than that. Plaintiff must plausibly allege, with facts, how Teijin's specific conduct breached its purported duty to protect her information. She has not carried that burden, and therefore fails to state a claim for negligence.

**B.    Count II for Breach of Implied Contract Fails to Allege Contract Formation and Damages.**

In Count II, Plaintiff alleges that when she provided her PII to Teijin as a condition of employment, she and Teijin entered into an implied contract whereby Teijin agreed to safeguard and protect her information, and to timely notify her if the information was compromised. (*Id.* ¶¶ 127-29.) To state a claim for breach of contract, Plaintiff must plead: (1) the existence of a contract; (2) Teijin's breach of the supposed contract; and (3) damages caused by the breach. *Emergency Dep't Physicians P.C. v. United Healthcare, Inc.*, 507 F. Supp. 3d 814, 827-28 (E.D. Mich. 2020) (citing *Bank of Am., NA v. First Am. Title Ins.*, 878 N.W.2d 816, 829 (Mich. 2016)). Here, Plaintiff fails to allege the first and third elements of the claim.

9

### 1.    Plaintiff fails to allege the existence of an enforceable contract.

Under Michigan law, an enforceable contract requires parties competent to contract, a proper subject matter, the exchange of legal consideration, mutuality of agreement, and mutuality of obligation. *AFT Mich. v. State of Mich.*, 866 N.W.2d 782, 804 (Mich. 2015). "The party seeking to enforce a contract bears the burden of proving that the contract exists." *Id.* Plaintiff, here, fails to allege the (a) consideration and (b) mutual assent elements of contract formation.

#### a.    Failure to allege consideration

"To plead and prove consideration, a party must show a bargained-for-exchange of legal value or detriment." *Emergency Dep't Physicians*, 507 F. Supp. 3d at 828 (citing *Higgins v. Monroe Evening News*, 272 N.W.2d 537, 543 (Mich. 1978)). "Generally, a mere promise to perform an existing legal duty is insufficient consideration." *Emergency Dep't Physicians*, 507 F. Supp. 3d at 828 (citing *Yerkovich v. AAA*, 610 N.W.2d 542, 546 (Mich. 2000)). Against this well-established legal standard, Plaintiff's contract claim fails for two reasons.

*First*, Plaintiff does not allege that *she* provided any bargained-for exchange of legal value or detriment. Instead, she merely alleges that she provided her PII to Teijin as part of her effort to obtain employment. (Am. Compl. ¶¶ 127-28.) Employers are, of course, required by law to obtain certain information from their employees for tax and other purposes, and Plaintiff offers no *factual* allegations

10

indicating that her provision of information to Teijin was for anything other than that. She certainly does not allege that her provision of information to Teijin was a bargained-for exchange of legal value as part of an implicit agreement for Teijin to protect her PII from cyberattacks. Thus, she fails to allege that she provided any consideration at all for the purported implied contract she is attempting to enforce.

*Second*, Plaintiff also does not allege that *Teijin* provided consideration for the purported contract. Plaintiff suggests that as part of the supposed contract, Teijin promised to safeguard and protect her information, and to timely and accurately notify her of any compromise of it. (*Id.* ¶ 129.) But, according to Plaintiff's own allegations, Teijin had a preexisting legal duty to do exactly that which it supposedly promised to do as part of the purported implied contract. (*Id.* ¶¶ 101-05, 111-12.) In fact, Plaintiff affirmatively alleges that Teijin's supposed preexisting duty was "independent" and "untethered to any contract" between the parties. (*Id.* ¶ 105.) Because a "promise to perform an existing legal duty is insufficient consideration," Teijin's alleged promise to protect Plaintiff's PII does not support the formation of an enforceable contract. *Emergency Dep't Physicians*, 507 F. Supp. 3d at 828.

b.  *Failure to allege mutual assent*

Under Michigan common law, "an implied-in-fact contract arises between parties when those parties show a mutual intention to contract." *Kingsley Assocs., Inc. v. Moll PlastiCrafters, Inc.*, 65 F.3d 498, 504 (6th Cir. 1995). A contract can be

11

implied in fact where the intention as to it is "gathered by implication or proper deduction from the conduct of the parties, language used or things done by them, or other pertinent circumstances attending the transaction." *Erickson v. Goodell Oil Co.*, 180 N.W.2d 798, 800 (Mich. 1970). Mutual assent, or a meeting of the minds, as to "all essential terms of a contract" is a "fundamental tenet of all contracts." *Burkhardt v. Bailey*, 680 N.W.2d 453, 463 (Mich. App. 2004); *see also Emergency Dep't Physicians*, 507 F. Supp. 3d at 828 (dismissing claim for breach of implied contract for failure to allege mutual assent to terms of agreement).

Here, Plaintiff's Amended Complaint is devoid of allegations concerning the parties' supposed mutual assent to contractual terms. Nowhere does Plaintiff allege the terms of the purported contract, much less the conduct, language, or other pertinent circumstances from which an agreement to be bound can be inferred. Instead, the most she can muster is the *conclusion* – unsupported by any fact – that, upon providing their PII to Teijin as a condition of employment, she and the putative Employee Class "entered into implied contracts with [Teijin] by which [Teijin] agreed to safeguard and protect [their] PII, to keep such PII secure and confidential, and to timely and accurately notify Plaintiff and the Employee Class if their PII had been compromised or stolen." (Am. Compl. ¶ 129.) That is the entirety of her allegation concerning the supposed contract, and it falls far short of alleging circumstances that support an implication of mutual assent to "all" contractual terms.

12

Absent allegations that the parties discussed, understood, or were even aware of the necessary terms, Plaintiff has not alleged a meeting of the minds on any contract.

### 2.   Plaintiff fails to allege proximately resulting damages.

A plaintiff asserting a breach of contract claim must show damages. *See Miller-Davis Co. v. Ahrens Const., Inc.*, 848 N.W.2d 95, 104 (Mich. 2014). Damages are not presumed; rather, the plaintiff must prove her damages with "reasonable certainty" and "may recover only those damages that are the direct, natural, and proximate result of [a] breach." *Alan Custom Homes, Inc. v. Krol*, 667 N.W.2d 379, 383 (Mich. App. 2003). To be recoverable, contract damages must be the "direct and proximate result" of a breach and "within the contemplation of the parties when the contract was made." *Home Ins. Co. v. Com. Indus. Sec. Servs., Inc.*, 225 N.W.2d 716, 718 (Mich. App. 1974) (internal quotations omitted). And it has long been the rule in Michigan that contract damages may not be speculative. *See FXI Inc. v. Adient US LLC*, No. 20-12648, 2021 WL 5110240, at *3 (E.D. Mich. Aug. 4, 2021) (citing *McEwen v. McKinnon*, 11 N.W. 828, 829 (Mich. 1882)).

Plaintiff here does not claim to have suffered any non-speculative contract damages that were *proximately* caused by the purported breach. Although she alleges an unknown third party used her PII to take out a loan in her name (Am. Compl. ¶ 73), she concedes the lender determined that she was not responsible for the debt (*id.* ¶ 74). And while Plaintiff claims to have paid $19.80 in postage to send a police

13

report to FinWise Bank, (*see id.* ¶ 73), she does not allege that payment was the "direct, natural, and proximate cause" of a breach of the contract she says existed. *See Krol*, 667 N.W.2d at 383. Indeed, she does not allege any facts at all connecting the fraudulent loan to the Cyberattack. Nor does she allege that the cost of postage was among the types of damages contemplated by the parties when they entered into the purported implied contract. Because Plaintiff does not allege non-speculative, proximate damages under a contract theory, Count II fails as a matter of law.

## C. Count III for Declaratory Judgment Fails Because Declaratory Judgment Is Not an Independent Cause of Action.

In Count III, Plaintiff asserts a claim for declaratory judgment under 28 U.S.C. § 2201, *et seq.*, the Declaratory Judgment Act. (Am. Compl. ¶ 135.) Section 2201, however, "does not create an independent cause of action." *Davis v. U.S.*, 499 F.3d 590, 594 (6th Cir. 2007) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)). Rather, as Section 2201's title ("Creation of a Remedy") suggests, a declaratory judgment is a remedy. *See Specialty Med. Equip., Inc. v. UnitedHealth Grp., Inc.*, No. 22-CV-12396, 2023 WL 143940, at *9 (E.D. Mich. Jan. 10, 2023) (J. Borman) (holding declaratory judgment is a remedy, not an independent cause of action, and collecting cases). The Declaratory Judgment Act is merely "procedural in nature" and "does not create an independent cause of action." *Doe v. Univ. of Dayton*, 766 Fed. Appx. 275, 291 (6th Cir. 2019). Accordingly, because Plaintiff's other claims fail, so too does Count III, which must be dismissed.

14

## V.   <u>CONCLUSION</u>

For the foregoing reasons, Teijin respectfully requests that this Court: (A) grant this Motion in its entirety; (B) dismiss Plaintiff's Amended Complaint; and (C) award Teijin such other and further relief as is appropriate.

Dated: May 22, 2023

Respectfully submitted,

*/s/ Christopher G. Dean*
Christopher G. Dean
**MCDONALD HOPKINS LLC**
600 Superior Avenue, Suite 2100
Cleveland, Ohio 44114
Tel: (216) 348-5400
Email: cdean@mcdonaldhopkins.com

Michael G. Latiff (P51263)
**MCDONALD HOPKINS PLLC**
39533 Woodward Avenue, Suite 318
Bloomfield Hills, Michigan 48304
Tel: (248) 646-5070
Email: mlatiff@mcdonaldhopkins.com

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 22, 2023, I electronically filed the foregoing document using the electronic filing system, which will send notification of such filing to all attorneys of record.

*/s/ Christopher G. Dean*
Christopher G. Dean

32017358.4