UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER HUMMEL, *on behalf of
herself and all others similarly situated,*

              Plaintiff,

v.

TEIJIN AUTOMOTIVE
TECHNOLOGIES, INC.

              Defendant.
_____/

Case No. 23-cv-10341

Paul D. Borman
United States District Judge

## ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND TO DIRECT NOTICE OF PROPOSED SETTLEMENT TO THE CLASS (ECF No. 25)

In this action, Plaintiff Jennifer Hummel, on behalf of a class of similarly situated individuals, asserts claims against her employer, Defendant Teijin Automotive Technologies Inc. ("Teijin"), following a data breach which compromised the personal identifiable information of Hummel and other Teijin employees.[1]

---

[1] The full factual and procedural background to this case is stated in this Court's Opinion and Order Granting in Part and Denying in Part Defendant's Motion to Dismiss. (ECF No. 16).

On March 14, 2024, following successful settlement negotiations, Plaintiff filed an Unopposed Motion for Preliminary Approval and to Direct Notice of Proposed Settlement to the Settlement Class. (ECF No. 25). The terms of the settlement are set forth in a Settlement Agreement with accompanying exhibits attached as Exhibit A to Plaintiff's motion (the "Settlement Agreement").[2] Having fully considered the issue, the Court hereby **GRANTS** Plaintiff's motion.

## I. LEGAL STANDARD

Class actions in federal courts are governed by Federal Rule of Civil Procedure 23 and may only be settled with the Court's Approval. *See* Fed. R. Civ. P. 23(e).

At the preliminary-approval stage, the Court's role is not to "finally decide whether the settlement is fair and reasonable." *Garner Properties & Mgmt., LLC v. City of Inkster*, 333 F.R.D. 614, 626 (E.D. Mich. 2020). Rather, the Court must only determine "whether the settlement is fair enough that it is worthwhile to expend the effort and costs associated with sending potential class members notice and processing opt-outs and objections." *Id.* "Courts have applied different standards at this phase, but it is clear that the bar is lower for preliminary approval than it is for final approval." *Id.*

---

[2] All capitalized terms herein have the same definitions as set forth in the Settlement Agreement.

If the court finds that it "will likely be able to approve the proposal under Rule 23(e)(2)[ ] and certify the class for purposes of judgment on the proposal" then the "court must direct notice" of a proposed settlement "to all class members who would be bound" by the proposed settlement. *Thomsen v. Morley Companies, Inc.*, 639 F. Supp. 3d 758, 764 (E.D. Mich. 2022) (citing Fed. R. Civ. P. 23(e)(1)). Once preliminary approval and notice are given and time for objections has elapsed, the Court may give final approval to a settlement after a hearing and "on finding that [the proposed settlement] is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2).

"This procedure, commonly employed by federal courts and endorsed by a leading class action commentator, serves the dual function of safeguarding class members' procedural due process rights, and enabling the Court to fulfill its role as the guardian of the interests of the class." *Doe v. Deja Vu Servs.*, 2017 WL 490157, at *1 (E.D. Mich. Feb 7, 2017) (citing 2 *Newberg on Class Actions*, § 11.25 *et seq.*) (internal citation omitted).

## II. RULE 23 CLASS CERTIFICATION

The Settlement Agreement defines the Settlement Class as "[a]ll individual U.S. residents to whom Teijin sent notice of the Ransomware Attack that Teijin announced on or around December 13, 2022." (ECF No. 25-1, PageID.304).

Excluded from the Settlement Class are: (1) the Judge and Magistrate Judge presiding over the Lawsuits, any members of the Judges' respective staffs, and immediate members of the Judges' respective families; (2) officers, directors, members and shareholders of Teijin; (3) persons who timely and validly request exclusion from and/or opt-out of the Settlement Class and the successors and assigns of any such excluded persons; and (4) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity or occurrence of the Ransomware Attack or who pleads nolo contendere to any such charge. (*Id.* at 304–05).

The Court finds that it will likely be able to certify the Settlement Class for purposes of judgment on the settlement because it meets the requirements of Rule 23(a) and Rule 23(b)(3).

## A. Rule 23(a) Requirements

Rule 23(a) states four prerequisites for establishing a class action class:

> **(1)** the class is so numerous that joinder of all members is impracticable;
>
> **(2)** there are questions of law or fact common to the class;
>
> **(3)** the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> **(4)** the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. Rule 23(a).

The Settlement Class satisfies all four prerequisites.

***i. Numerosity***

Numerosity requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "While the number of potential class members is not dispositive, the sheer number of potential litigants in a class, especially if it is more than several hundred, can be the only factor needed to satisfy [numerosity]." *Barry v. Corrigan*, 79 F. Supp. 3d 712, 731 (E.D. Mich. 2015) (internal quotation mark omitted).

The Settlement Class includes approximately 29,080 people. (ECF No. 25, PageID.277). This is a substantial number for which joinder would be impracticable; therefore, numerosity is met. *See Barry*, 79 F. Supp. 3d at 731 (class of 4,562 people satisfied numerosity on sheer volume).

***ii. Commonality***

Commonality requires that the class share "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality is met when there is "a common contention that, if resolved, would resolve claims of all class members in one stroke. A common question of law or fact exists if all the Class's members suffered the same injury." *Thomsen*, 639 F. Supp. 3d at 765 (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349–50 (2011)) (internal quotation marks and citation omitted).

5

The Settlement Class shares the common question of "whether Defendant's data security adequately protected their personal information." (ECF No. 25, PageID.278). This common question satisfies commonality. *Thomsen*, 639 F. Supp. 3d at 765 (finding commonality met where the plaintiffs "rely on the common question of whether Defendant's data security adequately protected the Class's personal information").

### iii. *Typicality*

Typicality requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "Typicality is satisfied if the representative's claim arises from the same [transaction or occurrence as] the claims of other class members, and [they] are based on the same legal theory." *Thomsen*, 639 F. Supp. 3d at 765 (quoting *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007)) (internal quotation mark omitted).

Here, the claims of the Representative Plaintiff arose from the same data-breach incident that impacted all the Settlement Class Members. (ECF No. 1, PageID.2–6). Therefore, Representative Plaintiff's claims are typical of and arise from the same operative facts and as the claims of the Settlement Class Members, and typicality is met. *See Thomsen*, 639 F. Supp. 3d at 765 ("The claims of Plaintiffs and the Class arise from the same Data Incident and resulted in similar

theft of personal information. Thus, resolving one plaintiff's claims would resolve them for the Class, satisfying typicality") (internal citation omitted).

### iv. Adequacy of representation

Adequacy of representation requires that "the representative parties [] fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Adequacy is governed by two criteria: 1) the representative must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *Thomsen*, 639 F. Supp. 3d at 765 (internal quotation mark omitted).

Here, the Representative Plaintiff's claims and the Class Members' claims arise from the same data-breach incident. (ECF No. 1, PageID.2–6). The Representative Plaintiff also actively participated in the case by "communicating with the attorneys working on the case during subsequent phases of the case, including assisting with the initial and amended complaints and approving the settlement." (ECF No. 25-2, PageID.392). Furthermore, the proposed lead-plaintiff incentive award of up to $5,000 (*id*) "does not misalign the interests of Plaintiff[] and the Class." *Thomsen*, 639 F. Supp. 3d at 765 (finding that a proposed award of up to $1,500 per lead plaintiff did not misalign the plaintiffs' interests with those of the class").

7

In sum, the Court finds that Representative Plaintiff will fairly and adequately protect the interests of the Settlement Class as the Representative Plaintiff has no interests antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class.

## B. Rule 23(b) Requirements

In addition to the Rule 23(a) requirements, the Settlement Class must also satisfy one of the three Rule 23(b) class-type requirements. *See* Fed. R. Civ. P. 23(b). Plaintiff contends that the Settlement Class satisfies Rule 23(b)(3) because "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Id.*

For the reasons outlined below, the Court finds that the Settlement Class will likely satisfy the requirements of Rule 23(b)(3).

### i. Common questions of law or fact predominate

"Predominance is satisfied if the Class's individual questions of law or fact are sufficiently cohesive to warrant adjudication by representation." *Thomsen*, 639 F. Supp. 3d at 766 (quoting *Amchem Prods. v. Windsor*, 521 U.S. 591, 623 (1997)) (internal quotation mark omitted).

8

Here, Plaintiff alleges that Defendant safeguarded the personal identifiable information of all of the Class Members in a uniform manner. (ECF No. 1, PageID.2–6). Therefore, the common question of whether Defendant adequately safeguarded this information predominates over this case. *See Thomsen*, 639 F. Supp. 3d at 766 (finding predominance met when leaked data was safeguarded in a uniform manner).

### ii. Class Action is the superior method to adjudicate the claim

Superiority requires "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "A class action is superior if it would vindicate[ ] the rights of groups of people who individually would be without effective strength to bring their opponents into court at all." *Thomsen*, 639 F. Supp. 3d at 766 (quoting *Amchem Prods.*, 521 U.S. at 623) (internal quotation marks omitted).

Here, a class action is superior because it would be impractical for each of the approximately 29,080 individual members of the Settlement Class to independently sue Defendant for this same data-breach incident. *See Thomsen*, 639 F. Supp. 3d at 766 ("Because the data-breach issues predominate, it would be impractical for the members of the Class to individually sue the same defendant for theft of their personal information").

9

## III. APPOINTMENT OF CLASS COUNSEL

After certifying the class, the court must appoint class counsel. Fed. R. Civ.

P. 23(g)(1)(A). In doing so, the court must consider:

> **(i)** the work counsel has done in identifying or investigating potential claims in the action;
>
> **(ii)** counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> **(iii)** counsel's knowledge of the applicable law; and
>
> **(iv)** the resources that counsel will commit to representing the class;

*Id.*

Plaintiff proposes Patrick A. Barthle of Morgan & Morgan and Ryan D. Maxey of Maxey Law Firm, P.A. as Class Counsel. Proposed Class Counsel have spent many hours investigating the claims in the case. (ECF No. 25-2, PageID.388). Proposed Class Counsel also have extensive experience prosecuting similar data-breach class actions, are knowledgeable about the applicable law, and are willing and able to commit the necessary resources to this case. (*Id.* at PageID.380–87).

Accordingly, the Court finds that Proposed Class Counsel, Patrick A. Barthle of Morgan & Morgan and Ryan D. Maxey of Maxey Law Firm, P.A. will likely satisfy the requirements of Rule 23(e)(2)(A) and, for settlement purposes, are appointed as Class Counsel pursuant to Rule 23(g)(1).

## IV. PRELIMINARY APPROVAL OF SETTLEMENT

At the preliminary approval stage, courts must determine whether the Settlement Agreement is "fair enough that it is worthwhile to expend the effort and costs associated with sending potential class members notice and processing opt-outs and objections." *Garner Properties & Mgmt.*, 333 F.R.D. at 626. Courts rely on "factors from the Sixth Circuit and the Federal Rules of Civil Procedure [to] guide th[is] analysis. *Thomsen*, 639 F. Supp. 3d at 767.

For the reasons stated below, the Court finds the settlement is fair, reasonable, and adequate to warrant providing notice of the settlement to the Settlement Class and, accordingly, it is preliminarily approved. In making this determination, the Court has considered the benefits to the Settlement Class, the specific risks faced by the Settlement Class in prevailing on Plaintiff's claims, the stage of the proceedings at which the settlement was reached, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, and all of the other factors required by Rule 23 and the Sixth Circuit.

## A. Rule 23(e) Factors

To determine whether a Settlement Agreement is "fair, reasonable, and adequate" courts consider four factors outlined in the Federal Rules of Civil Procedure:

> **(A)** the class representatives and class counsel have adequately represented the class;
>
> **(B)** the proposal was negotiated at arm's length;
>
> **(C)** the relief provided for the class is adequate; []
>
> **(D)** the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

All four of these factors favor preliminary approval.

### i. Adequate Representation

As discussed in Sections II.A.iv and III, Representative Plaintiff and Class Counsel adequately represent the class, so this factor is met. *See Thomsen*, 639 F. Supp. 3d at 768 ("the first Rule 23(e) factor is redundant of the requirements of Rule 23(a)(4) and Rule 23(g), respectively") (quoting 4 *Newberg and Rubenstein on Class Actions* § 13:48 (6th ed.)) (internal quotation mark omitted).

### ii. Arm's Length Negotiation of Settlement

The Settlement Agreement was negotiated at arm's length in front of neutral mediator Judge John W. Thornton III on November 27, 2023. (ECF No. 25-2,

PageID.388–89). The Settlement Agreement was further negotiated and finalized in March 2024. (*Id*). There is no evidence of any fraud or collusion in these negotiations; therefore, this factor is met.

### iii. *Adequate Relief*

In considering the adequacy of relief courts consider:

> **(i)** the costs, risks, and delay of trial and appeal;
>
> **(ii)** the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>
> **(iii)** the terms of any proposed award of attorney's fees, including timing of payment; and
>
> **(iv)** any agreement required to be identified under Rule 23(e)(3);

Fed. R. Civ. P. 23(e)(2)(C).

The relief sought here is adequate. As Plaintiff notes, "[a]dditional litigation would be complex, costly, and likely continue for several years with no guarantee of relief." (ECF No. 25, PageID.394). In contrast, the Settlement Agreement "would allow class members to obtain relief without high administrative burdens." (*Id.* at PageID.394–95).

Furthermore, the terms of Class Counsel's attorneys' fees, that they will not exceed 33.33% of the Settlement Fund (ECF No. 25-1, PageID.322), is reasonable in light of the work Class Counsel has put into this case. *See Thomsen*, 639 F. Supp. 3d at 768 (finding fees of 33% for Class Counsel to be reasonable); *Garner*

*Properties & Mgmt.*, 2020 WL 4726938, at \*10 (same); *Hillson v. Kelly Servs. Inc.*, 2017 WL 279814, at \*9 (E.D. Mich. Jan. 23, 2017) (Michelson, J.) (same).

Lastly, there is no agreement, other than the Settlement Agreement, that needs to be identified under Rule 23(e)(2)(C)(iv).

### iv. Equal Treatment of Class Members

The Settlement Agreement "treat[s] the members of the Class as relatively equal." *Thomsen*, 639 F. Supp. 3d at 769. Under its terms, each class member may obtain: (1) "A Residual Cash Payment of Up to $550.00," (2) "Reimbursement of Ordinary Out-of-Pocket Losses," (3) "Reimbursement of Extraordinary Losses," (4) reimbursement for "Attested Time" spent remedying issues related to the data-breach, and/or (5) "2 years of identity theft protection and credit monitoring services." (ECF No. 25-1, PageID.335). The Representative Plaintiff's additional $5,000 service award does not create inequality. *Thomsen*, 639 F. Supp. 3d at 769 (finding that a $1,500 award for each lead plaintiff did not create inequality).

## B. Sixth Circuit Factors

In addition to the Rule 23(e) factors, courts in this district must also consider the seven factors proscribed by the Sixth Circuit to evaluate a proposed settlement agreement. *Garner Properties & Mgmt., LLC*, 2020 WL 4726938, at \*8. Those factors are:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged

14

in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen.*

*Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007).

These factors also favor preliminary approval of the Settlement Agreement.

### i. Risk of fraud or collusion

"Courts presume the absence of fraud or collusion in class action settlements unless there is evidence to the contrary." *Thomsen*, 639 F. Supp. 3d at 769 (citing *Leonhardt v. ArvinMeritor, Inc.*, 581 F. Supp. 2d 818, 838 (E.D. Mich. 2008)). There is no evidence of fraud or collusion here. On the contrary, as described above, the available evidence indicates that the Settlement Agreement was negotiated at arms-length in front of a neutral mediator. (ECF No. 25, PageID.284).

### ii. The complexity, expense, and likely duration of litigation

"Courts must also consider the complexity, expense, and likely duration of litigation because the costs, delays[,] and multitudes of other problems can outweigh the value of the plaintiff's claims." *Thomsen*, 639 F. Supp. 3d at 769 (citing *In re Delphi Corp. Sec., Derivative & "ERISA" Litig.*, 248 F.R.D. 483, 497 (E.D. Mich. 2008)) (internal quotation marks omitted).

As Plaintiff aptly notes in her motion:

> [Representative Plaintiff] faces significant risks and costs should she continue to litigate the case due to the potential expense and length of continued proceedings necessary to prosecute the litigation against Teijin through motion practice, trial, and potential appeals. Further, if [Representative Plaintiff] prevailed on her intended motion for class certification and successfully defeated Defendant's intended motions thus proceeding to trial, [Representative Plaintiff] would have faced significant risk, cost, and delay. [Representative Plaintiff] faces the uncertain outcome and risk of further litigation, as well as the difficulties and delays inherent in such litigation.

(ECF No. 25, PageID.287).

Because "continued litigation would be complex, costly, and likely continue for several years with no guarantee of relief" this factor favors approval. *Thomsen*, 639 F. Supp. 3d at 769.

### iii. *Amount of discovery engaged in by the parties*

Courts are more likely to find a settlement agreement "to be fair and reasonable under the circumstances if the parties have conducted discovery." *Thomsen*, 639 F. Supp. 3d at 769–70 (citing *Green v. Platinum Rests. Mid-Am. LLC*, 2022 WL 1240432, at *5 (W.D. Ky. Apr. 27, 2022) (internal quotation marks omitted). However, even where "the parties did not conduct formal discovery" but have completed "informal discovery [sufficient] for Plaintiffs to adequately assess their case and the desirability of the proposed settlement" this factor is satisfied. *Id.* at 770 (citing *Kritzer v. Safelite Sols., LLC*, 2012 WL 1945144, at *7 (S.D. Ohio May 30, 2012)).

Although the parties have not completed formal discovery here, their:

> [M]ediation did not occur until after Teijin produced information
> related to (i) when Teijin learned of the Ransomware Attack, (ii) when
> the Ransomware Attack commenced and ended, (iii) the location of
> the dataset that contained information related to impacted individuals,
> (iv) the nature of the relationship(s) between impacted individuals and
> Teijin, (v) the data elements impacted, (vi) the geographic locations
> by state of impacted individuals, and (vii) the number of impacted
> individuals who enrolled in complimentary identity monitoring
> services that Teijin offered when it provided notice of the
> Ransomware Attack.

(ECF No. 25-2, PageID.388–99).

The Court finds that this informal discovery is adequate for Class Counsel to make an informed decision about the Settlement Agreement; therefore, this factor is met.

### iv. The likelihood of success on the merits

"The likelihood of success on the merits provides a gauge from which the benefits of the settlement must be measured." *Thomsen*, 639 F. Supp. 3d at 770 (quoting *Poplar Creek Dev. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235, 245 (6th Cir. 2011)) (internal quotation mark omitted).

Plaintiff's claims still face substantial hurdles. To prevail, Plaintiff "would need to obtain class certification and survive any dispositive motions Defendant might file." (ECF No. 25, PageID.289). Given these hurdles and the accompanying uncertainty of success on the merits, this factor favors approval.

### v. The opinions of class counsel and class representative

17

"The judgment of class counsel that settlement is in the best interest of the class is entitled to significant weight, and supports the fairness of the class settlement." *Garner Properties & Mgmt., LLC*, 2020 WL 4726938, at \*9 (quoting *Sheick v. Auto. Component Carrier LLC*, 2010 WL 4136958, at \*18 (E.D. Mich. Oct. 18, 2010)) (internal quotation mark omitted).

Here, "[b]ased on the factual record and the briefing and argument on legal issues, proposed Class Counsel believe the Settlement is in the best interests of the Settlement Class." (ECF No. 25-2, PageID.395). Accordingly, this factor is satisfied as well.

### vi. The reaction of absent class members

Since the Settlement Agreement remains in the pre-notice stage, this factor is inapplicable. *See Thomsen*, 639 F. Supp. 3d at 770 ("This factor is neutral because the proposed settlement is in the prenotice stage").

### vii. The public interest

"[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *Garner Properties & Mgmt., LLC*, 2020 WL 4726938, at \*10 (quoting *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 530 (E.D. Mich. 2003)).

The Settlement Class in this case is approximately 29,080 people. Settling this large and complex class action would conserve judicial resources; therefore, this factor weighs in favor of approval. *See Thomsen*, 639 F. Supp. 3d at 770 ("Settling this 694,679-person class action would further the public interest by providing relief for the entire Class and conserving judicial resources").

## C. Summary

Because all the applicable Rule 23(e) and Sixth Circuit factors suggest that the Settlement Agreement is fair, reasonable, and adequate, the Court preliminary approves the Settlement Agreement.

## V. APPROVAL OF PROPOSED NOTICE PLAN

Once a court has preliminarily approved a settlement, it "must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B). "Because th[is] Class is being certified under Rule 23(b)(3), notice must be the best notice practicable and include individual notice to all members who can be identified through reasonable effort." *Thomsen*, 639 F. Supp. 3d at 771 (quoting Fed. R. Civ. P. 23(c)(2)(B)) (internal quotation marks omitted). This notice must include, in easily understood language, the following information:

>    **(i)** the nature of the action;
>    **(ii)** the definition of the class certified;

(iii) the class claims, issues, or defenses;

(iv) that a class member may enter an appearance through an attorney if the member so desires;

(v) that the court will exclude from the class any member who requests exclusion;

(vi) the time and manner for requesting exclusion; and

(vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

The parties outline their proposed notice plan in Section 3.2 of the Settlement Agreement. (ECF No. 25-1, PageID.316–21). The parties have selected Simpluris as their Claims Administrator tasked with facilitating notice to the class. (ECF No. 25, PageID.291).

**A. Findings Concerning Notice**

After reviewing the parties proposal in its entirety, the Court finds that the proposed form, content, and method of giving notice to the Settlement Class as described in the Settlement Agreement and exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed settlement, and their rights under the proposed settlement, including but not limited to their rights to object to or exclude themselves from the proposed settlement and other rights under the terms of the

Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c) and (e), and the Due Process Clause of the United States Constitution. The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by class members.

The Claims Administrator is directed to carry out the Notice Program in conformance with the Settlement Agreement.

## B. Exclusion from the Class

Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written request for exclusion to the Claims Administrator at the address and in the manner and within the time provided in the Notice. Such requests for exclusion must meet the opt-out deadline established by this Order and stated in the Notice. Any member of the Settlement Class who does not properly and timely opt-out of the settlement shall, upon entry of the Final Approval Order and Judgment, be bound by all the terms and provisions of the Settlement Agreement, whether or not such Settlement Class Member objected to the settlement and whether or not such Settlement Class Member received consideration under the Settlement Agreement.

A request for exclusion must be in writing and: (a) state the name of this proceeding (*Hummel v. Teijin Automotive Technologies, Inc.*, in the United States District Court for the Eastern District of Michigan, Case No. 2:23-cv-10341, or similar identifying words such as "Teijin Automotive Technologies Ransomware Attack Lawsuit"); (b) state the name and address of the Settlement Class Member seeking exclusion; (c) state "Request for Exclusion" or words communicating the person's request for exclusion from the Settlement Class; and (d) must be signed by the Settlement Class Member.

A request for exclusion that does not include the foregoing information, or that is sent to an address other than the one designated in the Notice, or that is not postmarked by the Opt-Out Date shall be invalid and the Settlement Class Member serving such a request shall, if the Final Approval Order and Judgment is entered, be considered a Settlement Class Member and shall be bound by any judgment entered herein with respect to the Settlement Class.

The Claims Administrator shall forward a list of all requests for exclusion to Class Counsel and to Teijin's Counsel within 7 days of the Opt-Out Date.

If the Final Approval Order and Judgment is entered, any Settlement Class Member who has not submitted a timely, valid written request for exclusion from the Settlement Class shall be bound by all subsequent proceedings, orders, and judgments in this action, including but not limited to the Release set forth in the

Final Approval Order and Judgment. Settlement Class Members who submit valid and timely requests for exclusion shall not be entitled to receive any benefits from the settlement.

Upon entry of the Final Approval Order and Judgment all members of the Settlement Class who have not personally, validly, and timely requested to be excluded from the Settlement Class will be enjoined from proceeding against the Released Persons under the Settlement Agreement with respect to the Release Claims.

## C. Objections and Appearances

Any Settlement Class Member who does not elect to be excluded from the Settlement Class may object to the settlement, Class Counsel's request for fees and expenses, and/or the request for a service award payment to the Representative Plaintiff; provided, however, that no Settlement Class Member shall be heard or entitled to contest such matters, unless the objection is: (a) electronically filed by the Objection Date; or (b) mailed first-class postage prepaid to the Clerk of Court, at the address listed in the Notice, and postmarked by no later than the Objection Date, as specified in the Notice. For the objection to be considered by the Court, the objection must be in writing and include:

(a)   the name or caption of this Litigation;

(b) the objector's full name, address, telephone number, and e-mail address (if any);

(c) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class;

(d) a written statement of all grounds for the objection, accompanied by any legal support for the objection that the objector believes is applicable;

(e) the identity of all counsel representing the objector, if any, in connection with the objection;

(f) a statement confirming whether the objector and/or the objector's counsel will appear and/or testify at the Final Fairness Hearing;

(g) a statement identifying all class action settlements objected to by the objector in the previous 5 years; and

(h) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative, if any.

Any Settlement Class Member who fails to comply with the provisions in this Order and/or fails to timely file and serve an objection in writing in accordance with this Order and the Settlement Agreement will waive and forfeit any and all rights they may have to object, will have their objection stricken from the record, and will lose their rights to appeal from approval of the settlement. Any such Settlement Class Member also shall be bound by all subsequent proceedings, orders, and judgments in this action, including but not limited to the Release set forth in the Final Approval Order and Judgment if entered.

## VI. FINAL FAIRNESS HEARING AND OTHER ADMINISTRATIVE MATTERS

### A. Final Fairness Hearing

A Final Fairness Hearing shall be held on **September 23, 2024 at 11:00 a.m.** at the Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Room 725, Detroit, MI 48226, Courtroom 717, to determine, among other things, whether: (a) this matter should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the settlement should be approved as fair, reasonable and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; (e) the application of Class Counsel for an award of attorneys' fees, costs, and expenses should be approved pursuant to Fed. R. Civ. P. 23(h); and (e) the application of the Class Representative for a service award should be approved.

### B. Claims Process

The Settlement Agreement contemplates the establishment of a claims process. As set forth in the Settlement Agreement, Teijin shall fund a non-reversionary cash settlement fund in the amount of $1,192,280.00 for the benefit of Settlement Class Members (the "Settlement Fund"). The Settlement Fund will be used to pay for: (1) reimbursement for Ordinary Out-of-Pocket Losses; (2)

25

reimbursement for Extraordinary Losses and Attested Time; (3) Residual Cash Payments; (4) Credit Monitoring Services; (5) notice and administration costs; (6) a service award payment approved by the Court; and (7) attorneys' fees and expenses awarded by the Court. The Court preliminarily approves this process and directs the Claims Administrator to make the Claim Forms or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice.

The Claims Administrator will be responsible for effectuating the claims process.

Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirement and procedures specified in the Notice and the Claim Form. If the Final Approval Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects by subject to and bound by the provisions in the Final Approval Order and Judgment, including the release.

**C. Termination of Settlement**

This Order, the Settlement Agreement, the proposed settlement, and all related proceedings shall become null and void, shall have no further force or

effect, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before the Settlement Agreement was signed, if: (a) the settlement is not finally approved by the Court; (b) the Settlement Agreement and the proposed settlement are terminated in accordance with the applicable provisions of the Settlement Agreement; or (c) there is no Effective Date. In such event, the settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the settlement shall be used or referred to for any purpose whatsoever, including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are or ever were satisfied for purposes of this litigation.

The Litigation shall thereupon revert forthwith to its respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed and Teijin's response to the Complaint shall be due within thirty days of the Settlement being terminated.

**D. Use of Order**

This Order shall be of no force or effect if the Final Approval Order and Judgment is not entered or there is no Effective Date. Neither this Order nor the Settlement Agreement nor any other settlement-related document nor anything

contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other settlement-related document, shall constitute, be construed or used as an admission, concession, or declaration by or against Teijin of any fault, wrongdoing, breach, or liability for any claim that has been or could have been asserted against it or as to any liability by it as to any matter set forth in this Order, or as to the propriety of class certification for any purposes other than for purposes of the current proposed settlement. Nor shall this Order be construed or used as an admission, concession, or declaration by or against any Representative Plaintiff or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, or unavailable, or as a waiver by any Party of any defense or claims they may have in this Litigation or in any other lawsuit.

## E. Continuance of Hearing

The Court reserves the right to adjourn or continue the Final Fairness Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Claims Administrator. The Court may approve the settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class.

28

## VII. CONCLUSION

For the reasons state above, it is **ORDERED** that Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement and to Direct Notice to the Class (ECF No. 25) is **GRANTED**. The following is further **ORDERED**:

1. The Settlement Class is **CERTIFIED** for settlement purposes only.

2. The Settlement Class is **DEFINED** as: all individual U.S. residents to whom Teijin sent notice of the Ransomware Attack that Teijin announced on or around December 13, 2022.

3. The Settlement Class **EXCLUDES**: (1) the Judge and Magistrate Judge presiding over the Lawsuits, any members of the Judges' respective staffs, and immediate members of the Judges' respective families; (2) officers, directors, members and shareholders of Teijin; (3) persons who timely and validly request exclusion from and/or opt-out of the Settlement Class and the successors and assigns of any such excluded persons; and (4) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity or occurrence of the Ransomware Attack or who pleads nolo contendere to any such charge.

4. Plaintiff Jennifer Hummel is **APPOINTED AS CLASS REPRESENTATIVE** for settlement purposes only.

29

5. Patrick A. Barthle of Morgan & Morgan and Ryan D. Maxey of Maxey Law Firm, P.A. are **APPOINTED AS CLASS COUNSEL** for settlement purposes only.

6. The Settlement Agreement is **PRELIMINARILY APPROVED**.

7. The Proposed Notice Plan, as described in the Settlement Agreement and exhibits, is **APPROVED**.

8. Simpluris, Inc. is **APPOINTED AS CLAIMS ADMINISTRATOR**.

9. The Claims Administrator is **DIRECTED** to perform all tasks the Settlement Agreement reasonably requires in effectuating the Notice, Notice Program, and Claims Administration. The Claims Administrator's fees will be paid out of the Settlement Fund pursuant to the Settlement Agreement.

10. Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a **WRITTEN REQUESTION FOR EXCLUSION** to the Claims Administrator at the address and in the manner and within the time provided in the Notice. Such requests for exclusion must meet the opt-out deadline established by this Order and stated in the Notice.

11. Any member of the Settlement Class who does not properly and timely opt-out of the settlement shall, upon entry of the Final Approval Order and Judgment, be **BOUND** by all the terms and provisions of the Settlement Agreement, whether or not such Settlement Class Member objected to the

settlement and whether or not such Settlement Class Member received consideration under the Settlement Agreement.

**12.** The following schedule[3] is **ADOPTED:**

| Event | Timing |
|-------|--------|
| Deadline for Teijin to provide Settlement Class List to Claims Administrator pursuant to the Settlement Agreement | April 9, 2024 |
| Notice Program Commencement ("Class Notice Date") | May 2, 2024 |
| Notice Program Completion | June 3, 2024 |
| Deadline for Class Counsel to file motion for attorneys' fees, costs, expenses and service awards | June 10, 2024 |
| Objection Date | July 1, 2024 |
| Opt-Out Date | July 1, 2024 |
| Claims Deadline | July 31, 2024 |
| Deadline for Plaintiff to file motion for final approval of settlement and responses to any timely submitted Class member objections, which shall include a declaration from the Claims Administrator confirming execution of and compliance with its obligations in the Settlement Agreement as of the date of the declaration and identifying all Settlement Class Members who submitted timely requests for exclusion | September 2, 2024 |

---

[3] The schedule is based on the proposed timeline Plaintiff included in her motion (ECF No. 25, PageID.292–93), though the Court has adjusted certain dates so that they fall on weekdays rather than on the weekend.

| Event | Timing |
|---|---|
| Final Fairness Hearing | September 23, 2024 at 11:00 a.m. in Courtroom 717 |

**IT IS SO ORDERED.**

Dated: APRIL 2, 2024

_____
Paul D. Borman
United States District Judge